UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

**JAWK ENTERPRISES, LLC and JON FREY,** on
behalf of themselves and all others similarly situated,

Plaintiff,

-vs.-

**GREENLIGHT ENERGY, INC.,**

Defendant.

**COMPLAINT**

**19 CV** _____

**Class Action**

**Jury Demanded**

Come now Jawk Enterprises, LLC, ("Jawk") and Jon Frey ("Frey") (collectively "Plaintiffs"), on behalf of themselves and all others similarly situated, and allege as follows:

1.      Plaintiffs are bringing this class action against Greenlight Energy, Inc. ("Greenlight" or "Defendant") for its violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227 and the regulations promulgated thereunder (the "TCPA").

2.      Defendant, using an automatic telephone dialing system ("ATDS") caused to be made at least five calls to two of Jawk's VOIP telephones and one call to Frey's VOIP residential telephone —for which Plaintiffs were charged per minute for each call received and without Plaintiffs' prior express consent and — advertising Defendant's energy services and encouraging Plaintiffs to purchase Defendant's energy services.  Defendant made some of these calls using a prerecorded or artificial voice.

3.      By doing so, Defendant violated the TCPA, which prohibits using an ATDS and/or an artificial or prerecorded voice to make any advertising or telemarketing telephone calls to any service for which the called party is charged for the call, without the called party's prior express written consent.

4.      For the past four years, Defendant made thousands of identical or substantially

1

similar calls, using an ATDS and/or an artificial or prerecorded voice to the residential and cellular telephone lines as well as to telephone lines for which the called party is charged for the call, of thousands of persons throughout the United States without obtaining the prior express written consent of the called parties. Accordingly, Plaintiffs are bringing this class action.

## PARTIES

5.      Jawk is a is a single member Pennsylvania limited liability company with its principal place of business in Philadelphia, Pennsylvania.

6.      Frey citizen of Pennsylvania, resides in Philadelphia, Pennsylvania and is the single member of Jawk.

7.      Upon information and belief, Defendant is a New York Corporation with its principal office located at 108-18 Queens Boulevard, Fourth Floor, Forest Hills, New York 11375.

## JURISDICTION AND VENUE

8.      This Court has federal question jurisdiction over this action under 28 U.S.C. § 1331 and 47 U.S.C. § 227.

9.      Venue is this judicial district is proper under 28 U.S.C. § 1391(b)(1) because this is the judicial district in which the Defendant resides.

## STATUTORY BACKGROUND

### The TCPA

10.     The TCPA prohibits a person from initiating or causing to be initiated any telephone call that introduces an advertisement or constitutes telemarketing, using an automatic telephone dialing system and/or an artificial or prerecorded voice, to any telephone number assigned to a cellular or residential telephone number, or to a service for which the called party is

charged for the call, without the prior written express written consent of the called party. 47 U.S.C. § 227(b)(1)(A)(iii), (b)(1)(B); 47 C.F.R.  §§ 64.1200(a)(1)(iii), (a)(2), (a)(3).

11.     The TCPA defines the term "automatic telephone dialing system" as "equipment which has the capacity--  (A) to store or produce telephone numbers to be called, using a random or sequential number generator; and  (B) to dial such numbers." 47 U.S.C. § 227(a)(1).  *Accord* 47 C.F.R. § 64.1200(f)(2).

12.     The TCPA defines the term "advertisement" as "any material advertising the commercial availability or quality of any property, goods, or services."  47 C.F.R. § 64.1200(f)(1).

13.      The TCPA defines the term "telemarketing" as "the initiation of a telephone call or message for the purpose of encouraging the purchase or rental of, or investment in, property, goods, or services, which is transmitted to any person." 47 C.F.R. § 64.1200(f)(12).

14.     Paragraph (3) of 47 U.S.C. § 227(b) provides:

(3) Private right of action

A person or entity may, if otherwise permitted by the laws or rules of court of a State, bring in an appropriate court of that State --

(A) an action based on a violation of this subsection or the regulations prescribed under this subsection to enjoin such violation,

(B) an action to recover for actual monetary loss from such a violation, or to receive $500 in damages for each such violation, whichever is greater, or

(C) both such actions

If the court finds that the defendant willfully or knowingly violated this subsection or the regulations prescribed under this subsection, the court may, in its discretion, increase the amount of the award to an amount equal to not more than 3 times the amount available under subparagraph (B) of this paragraph.

## DEFENDANT'S ILLEGAL CONDUCT

15.    Upon information and belief, on January 18, 2018, Defendant made a call to Jawk's VOIP telephone number 215-634-2997 — for which Jawk was charged — using an ATDS.  Frey believes that Defendant used an ATDS because there was a popping sound on the line when Frey picked up the phone and there was a few second pause before a person came on the line and encouraged Frey to purchase Defendant's energy services.

16.    Upon information and belief, on August 13, 2018, Defendant made a call to Jawk's VOIP telephone number 215-634-2997 — for which Jawk was charged — using an ATDS and an artificial or prerecorded voice.  Specifically, the artificial or prerecorded voice stated in substance that the call was being made in reference to a notice on Jawk's electric bill and that Jawk should press zero to speak to an agent.  Frey pressed zero and spoke to an agent who said that the agent was calling on behalf of Defendant and encouraged Frey to purchase Defendant's energy services.

17.    Upon information and belief, on November 23, 2018, Defendant made a call to Jawk's VOIP telephone number 215-634-7722 — for which Jawk was charged — using an ATDS and an artificial or prerecorded voice.  Specifically, the artificial or prerecorded voice stated in substance that the call was being made in reference to a notice on Jawk's electric bill and that Jawk should press one to speak to an agent.  Frey pressed one and spoke to an agent who said that the agent was calling on behalf of Defendant and encouraged Frey to purchase Defendant's energy services.

18.    Upon information and belief, on November 23, 2018, Defendant made a call to Jawk's's VOIP telephone number 215-634-2997 — for which Jawk was charged — using an ATDS and an artificial or prerecorded voice.  Specifically, the prerecorded voice stated in substance that the call was being made in reference to a notice on Jawk's electric bill and that Jawk

should press zero to speak to an agent.  Frey pressed one and spoke to an agent who said that the agent was calling on behalf of Defendant and encouraged Frey to purchase Defendant's energy services.

19.    Upon information and belief, on May 25, 2019, Defendant made a call to Frey's VOIP residential line 215-634-7976 — for which Frey was charged — using an ATDS.  Frey believes that Defendant used an ATDS because there was a popping sound on the line when Frey picked up the phone and there was a few second pause before a person came on the line and encouraged Frey to purchase Defendant's energy services.

20.    Upon information and belief, on June 26, 2019, Defendant made a call to Jawk's VOIP telephone number 215-634-2997 — for which Jawk was charged — using an ATDS and an artificial or prerecorded voice.  Specifically, the artificial or prerecorded voice stated in substance that the call was being made in reference to a notice on Jawk's electric bill and that Jawk should press a number on the telephone to speak to an agent.  Frey pressed the number and spoke to an agent who said that the agent was calling on behalf of Defendant and encouraged Frey to purchase Defendant's energy services.

21.    Plaintiffs suffered concrete harm as a result of the above telephone calls in that the telephone call tied up Plaintiffs' telephone lines, invaded Plaintiffs' privacy and wasted Plaintiffs' time.

22.    Upon information and belief, over the last four years, Defendant, using an automatic telephone dialing system and/or using an artificial or prerecorded voice, made thousands of telephone calls to residential and cellular telephone lines, and to telephone lines for which the called party is charged for the call, whose content was identical or substantially similar to the calls

Defendant made to Plaintiffs described above, without the called parties' prior written express consent.

## CLASS ALLEGATIONS

23.    Plaintiffs bring this class action on behalf of themselves and all others similarly situated, under Rules 23(a) and 23(b)(1)-23(b)(3) of the Federal Rules of Civil Procedure, for Defendant's violations of the TCPA.

24.    Plaintiffs both seek to represent one class of individuals ("Class A") defined as follows:

**Class A:** All persons in the United States, from four years prior to the filing of the instant Complaint through the date of the filing of the instant Complaint, to whom, without obtaining the persons' prior express written consent, Defendant, using an automatic telephone dialing system as defined in the TCPA, initiated and/or caused to be initiated calls to the persons' cellular telephones or to the persons' telephone lines for which the persons were charged for incoming calls, whose content was identical or substantially similar to the content of the calls Defendant made to Plaintiffs described above in which Defendant did not use an artifical or prerecorded voice.

25.    Jawk also seeks to represent an additional class of individuals ("Class B") defined as follows:

**Class B**: All persons in the United States from four years prior to the filing of the instant Complaint through the date of the filing of the instant Complaint, to whom, without obtaining the persons' prior express written consent, Defendant, using an artificial or prerecorded voice, initiated and/or caused to be initiated calls to the persons' residential or cellular telephones, or to the persons' telephone lines for which the persons were

charged for incoming calls, whose content was identical or substantially similar to the content of the calls Defendant made to Jawk described above in which Defendant used an artifical or prerecorded voice.

26.     Numerosity: The Classes are so numerous that joinder of all individual members in one action would be impracticable. The disposition of the individual claims of the respective Classes' members through this class action will benefit both the parties and this Court.

27.     Upon information and belief Classes A and B contain, at a minimum, thousands of members.

28.     Upon information and belief, the Classes' sizes and the identities of the individual members thereof are ascertainable through Defendant's records, including, but not limited to Defendant's call records.

29.      Members of the Classes may be notified of the pendency of this action by techniques and forms commonly used in class actions, such as by published notice, e-mail notice, website notice, fax notice, first class mail, or combinations thereof, or by other methods suitable to the Classes and deemed necessary and/or appropriate by the Court.

30.     Typicality:  Plaintiffs' claims are typical of the claims of the members of Classes. The claims of the Plaintiffs and members of the Classes are based on the same legal theories and arise from the same unlawful conduct.

31.     Defendant, using an automatic telephone dialing system within the meaning of the TCPA, made, initiated and/or caused to be initiated at least one telephone call to Plaintiffs and each member of Class A, without obtaining the called parties' prior express written consent, whose content was identical or substantially similar to the content of the calls Defendant made to Plaintiffs described above in which Defendant did not use an artifical or prerecorded voice.

32.    Defendant, using an artificial or prerecorded voice, made, initiated and/or caused to be initiated at least one telephone call to Jawk and each member of Class B, without obtaining the called parties' prior express written consent, whose content was identical or substantially similar to the content of the calls Defendant made to Jawk described above in which Defendant used an artifical or prerecorded voice.

33.    <u>Common Questions of Fact and Law</u>:  There is a well-defined community of common questions of fact and law affecting the Plaintiffs and members of the Classes A and B.

34.    The questions of fact and law common to Plaintiffs and Class A predominate over questions which may affect individual members and include the following:

(a)    Whether Defendant's conduct of using an ATDS within the meaning of the TCPA to make, initiate or cause to be initiated at least one telephone call to Plaintiffs and each member of Class A, without obtaining the called parties' prior express written consent and whose content was identical or substantially similar to the content of the calls Defendant made to Plaintiffs described above in which Defendant did not use an artifical or prerecorded voice, violated the TCPA?

(b)    Whether Plaintiffs and the members of Class A are entitled to statutory damages from Defendant under the TCPA?

(c)    Whether Defendant's violations of the TCPA were willful or knowing?

(d)    Whether Plaintiffs and the members of Class A are entitled to up to triple statutory damages under the TCPA from Defendant for Defendant's willful and knowing violations of the TCPA?

(e)    Whether Plaintiffs and the members of the Class A are entitled to a permanent injunction under the TCPA enjoining Defendant from continuing to engage in its

unlawful conduct?

35.     The questions of fact and law common to Jawk and Class B predominate over questions which may affect individual members and include the following:

(a)     Whether Defendant's conduct of using an artificial or prerecorded voice within the meaning of the TCPA to make, initiate or cause to be initiated at least one telephone call to Jawk and each member of Class B, without obtaining the called parties' prior express written consent and whose content was identical or substantially similar to the content of the calls Defendant made to Jawk described above in which Defendant used an artifical or prerecorded voice, violated the TCPA?

(b)     Whether Jawk and the members of Class B are entitled to statutory damages from Defendant under the TCPA?

(c)     Whether Defendant's violations of the TCPA were willful or knowing?

(d)     Whether Jawk and the members of Class B are entitled to up to triple statutory damages under the TCPA from Defendant for Defendant's willful and knowing violations of the TCPA?

(e)     Whether Jawk and the members of the Class B are entitled to a permanent injunction under the TCPA enjoining Defendant from continuing to engage in its unlawful conduct?

36.     Adequacy of Representation:  Plaintiffs are adequate representatives of the Classes because Plaintiffs' interests do not conflict with the interests of the members of the Classes. Plaintiffs will fairly, adequately and vigorously represent and protect the interests of the members of the Classes and have no interests antagonistic to the members of the Classes. Plaintiffs have retained counsel who are competent and experienced in litigation in the federal

courts and class action litigation.

37.    Superiority:  A class action is superior to other available means for the fair and efficient adjudication of the claims of the Classes. While the aggregate damages which may be awarded to the members of the Classes are likely to be substantial, the damages suffered by individual members of the Classes are relatively small. As a result, the expense and burden of individual litigation makes it economically infeasible and procedurally impracticable for each member of the Classes to individually seek redress for the wrongs done to them. Plaintiffs do not know of any other litigation concerning this controversy already commenced against Defendant by any member of the Classes. The likelihood of the individual members of the Classes prosecuting separate claims is remote. Individualized litigation would also present the potential for varying, inconsistent or contradictory judgments, and would increase the delay and expense to all parties and the court system resulting from multiple trials of the same factual issues. In contrast, the conduct of this matter as a class action presents fewer management difficulties, conserves the resources of the parties and the court system, and would protect the rights of each member of the Classes. Plaintiffs know of no difficulty to be encountered in the management of this action that would preclude its maintenance as a class action.

38.    Injunctive Relief:  Defendant has acted on grounds generally applicable to Plaintiffs and members of Classes A and B, thereby making appropriate final injunctive relief with respect to Plaintiffs and the members of Classes A and B as a whole.

## AS AND FOR A FIRST CAUSE OF ACTION

39.    Plaintiffs repeats each and every allegation contained in all of the above paragraphs and incorporates such allegations by reference.

40.    By Defendant's above-described conduct, Defendant committed thousands of

violations of the TCPA against Plaintiffs and the members of Class A.

41.     Accordingly, Plaintiffs and the members of Class A are entitled to statutory damages from Defendant under 47 U.S.C. § 227(b)(3) of greater than $5,000,000 and an injunction against Defendant ordering it to cease its violations of the TCPA.

42.     If it is found that Defendant willfully and/or knowingly violated the TCPA, Plaintiffs and the members of Class A request an increase by the Court of the damage award against Defendant, described in the preceding paragraph, to three times the amount available under 47 U.S.C. § 227(b)(3)(B), as authorized by 47 U.S.C. § 227(b)(3) for willful or knowing violations, which amounts to greater than $15,000,000.

## AS AND FOR A SECOND CAUSE OF ACTION

43.     Plaintiffs repeat each and every allegation contained in all of the above paragraphs and incorporates such allegations by reference.

44.     By Defendant's above-described conduct, Defendant committed thousands of violations of the TCPA against Jawk and the members of Class B.

45.     Accordingly, Jawk and the members of Class B are entitled to statutory damages from Defendant under 47 U.S.C. § 227(b)(3) of greater than $5,000,000 and an injunction against Defendant ordering Defendant to cease its violations of the TCPA.

46.     If it is found that Defendant willfully and/or knowingly violated the TCPA, Jawk and the members of Class B request an increase by the Court of the damage award against Defendant, described in the preceding paragraph, to three times the amount available under 47 U.S.C. § 227(b)(3)(B), as authorized by 47 U.S.C. § 227(b)(3) for willful or knowing violations, which amounts to greater than $15,000,000.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs prays for:

A.       An order certifying the Classes and appointing Plaintiffs as the representative of Class A, appointing Jawk as the representative of Class B, and appointing the law firms representing Plaintiffs as counsel for the Classes;

B.       An award to Plaintiffs and the members of Class A of more than $5,000,000 against Defendant for Defendant's violations of the TCPA;

C.       If it is found that Defendant willfully and/or knowingly violated the TCPA, Plaintiffs and the members of Class A request an increase by the Court of the damage award against Defendant, described in the preceding paragraph, to three times the amount available under 47 U.S.C. § 227(b)(3)(B), as authorized by 47 U.S.C. § 227(b)(3) for willful or knowing violations, which amounts to greater than $15,000,000;

D.       An injunction against Defendant, on behalf of Plaintiffs and the members of Class A, prohibiting Defendant from violating the TCPA;

E.       An award to Jawk and the members of Class B of more than $5,000,000 against Defendant for Defendant's violations of the TCPA;

F.       If it is found that Defendant willfully and/or knowingly violated the TCPA, Jawk and the members of Class B request an increase by the Court of the damage award against Defendant, described in the preceding paragraph, to three times the amount available under 47 U.S.C. § 227(b)(3)(B), as authorized by 47 U.S.C. § 227(b)(3) for willful or knowing violations, which amounts to greater than $15,000,000;

G.       An injunction against Defendant, on behalf of Jawk and the members of Class B, prohibiting Defendant from violating the TCPA; and

H.      Such other and further relief as the Court may deem just and proper.

## <u>JURY DEMAND</u>

Plaintiffs demands a trial by jury.

Dated: July 22, 2019

Respectfully submitted,

**BELLIN & ASSOCIATES LLC**

/s/ Aytan Y. Bellin
By: Aytan Y. Bellin, Esq.
85 Miles Avenue
White Plains, New York 10606
Tel:  (914) 358-5345-2400
Fax: (212) 571-0284
Email: aytan.bellin@bellinlaw.com

**PARONICH LAW, P.C.**
Anthony Paronich, Esq. (motion for admission *pro hac vice* to be filed shortly)
350 Lincoln Street, Suite 2400
Hinham, MA 02043
Tel:  (617) 485-0018
Fax: (508) 318-8100
Email: anthony@paronichlaw.com

*Attorneys for Plaintiffs and the Proposed Classes*