UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
JAWK ENTERPRISES, LLC,
JON FREY,

                                Plaintiffs,

                                                      **ORDER**
      -against-                                    19-CV-4212-ARR-SJB

GREENLIGHT ENERGY, INC.

                                Defendant.
-------------------------------------------------------------------X

**BULSARA, United States Magistrate Judge:**

      Defendant Greenlight Energy, Inc. ("Greenlight") has moved to bifurcate discovery. The motion is denied. Greenlight presents bifurcation as a means to first identify case-dispositive information and thereby avoid the additional burdens and costs associated with full merits discovery. Specifically, Greenlight wishes to prioritize discovery pertinent to standing and then make a motion to dismiss (or for summary judgment). As an abstract matter, such an approach appears reasonable. But on close examination, Greenlight's proposal is neither practical nor efficient. For one thing, the "standing" arguments and discovery Greenlight wishes to pursue are focused on outing Plaintiffs Jawk Enterprises, LLC ("Jawk") and Jon Frey ("Frey") (collectively, "Plaintiffs") as serial or repetitive litigants. Greenlight, for instance, wishes to take discovery on the number of Telephone Consumer Protection Act ("TCPA") lawsuits Plaintiffs have filed, how much income is derived from such suits, and the nature of Jawk's business. Greenlight alleges that Frey has filed multiple TCPA lawsuits and he uses his knowledge with certain phone systems to "exploit the TCPA for his own benefit." (Mot. to Bifurcate Disc. dated Oct. 8, 2019 ("Mot. to Bifurcate Disc."), Dkt. No. 19 at 2). Citing to *Lexmark International, Inc. v. Static Control Components, Inc.*, 572

U.S. 118, 129 (2014), Greenlight contends that Frey's profit motive and status as a "professional" litigant places Plaintiffs outside of the "zone of interests" that the TCPA intends to protect. (Mot. to Bifurcate Disc. at 2). Greenlight misapprehends *Lexmark*.

In *Lexmark*, "[t]he Supreme Court held—in addressing a plaintiff's standing to bring a claim under the Lanham Act—that '[w]hether a plaintiff comes within the zone of interests is an issue [of] whether [the] legislatively conferred cause of action encompasses a particular plaintiff's claim.'" *Disability Rights N.Y. v. New York*, No. 17-CV-6965, 2019 WL 2497907, at *10 (E.D.N.Y. June 14, 2019) (quoting *Lexmark*, 572 U.S. at 127). That is, the "zone of interests" requirement asks "whether the statute grants the plaintiff the cause of action that he asserts." *Bank of Am. Corp. v. City of Miami*, 137 S.Ct. 1296, 1302 (2017). "In other words, if a federal statute permits a plaintiff to bring a claim, a court may not conclude that the plaintiff is outside of the 'zone of interests' that the law protects and thereby preclude the lawsuit." *Disability Rights,* 2019 WL 2497907, at * 10 (citing *Lexmark*, 572 U.S. at 128 ("[W]e ask whether [plaintiff] has a cause of action under the statute[.]"). Separately, in *Lexmark*, the Supreme Court made clear that the "zone of interests" requirement is not a prudential limitation on standing, and such prudential limitations cannot limit the class of plaintiffs Congress has authorized to bring suit. *See Lexmark*, 522 U.S. at 126 ("Just as a court cannot apply its independent policy judgment to recognize a cause of action that Congress has denied, it cannot limit a cause of action that Congress has created merely because 'prudence' dictates.").

Greenlight does not contend that Plaintiffs cannot state a TCPA claim or that there is even some ambiguity about whether the TCPA provides these plaintiffs with a cause of action. Instead, it argues that Plaintiffs' motives disqualify them. As a "zone of

2

interests" argument, such reasoning is inconsistent with *Lexmark*, which requires the Court to examine first whether Plaintiffs have a cause of action under the TCPA. This is an inquiry with which Greenlight does not engage.

Greenlight relies on three cases that it believes demonstrate that Plaintiffs lack standing. These cases are unpersuasive in light of *Lexmark* and its Second Circuit progeny, either because the court, in conducting a "zone of interests" analysis, does not ask whether the plaintiff has a cause of action under the TCPA, or because in conducting that analysis, the court improperly considers prudential limitations, or both.

For example, in *Stoops v. Wells Fargo Bank, N.A.*, 197 F. Supp. 3d 782 (W.D. Pa. 2016), the court concluded that a plaintiff who purchased prepaid cellphones hoping to receive messages violative of the TCPA—and do so as part of a business to recover statutory damages—was not within the "zone of interests" of the statute. 197 F. Supp. 3d at 805 ("Plaintiff's interests are so marginally related to or inconsistent with the purposes implicit in the [TCPA] that it cannot reasonably be assumed that Congress intended to permit the suit."). It concluded that the TCPA plaintiff "lacks prudential standing." *Id.* at 806. This reasoning runs afoul of *Lexmark*. For one thing, the "zone of interests" inquiry requires the court to first "ask whether plaintiff has a cause of action" and if so, dismissal based upon the court's judgment about whom Congress intended to (or not) protect is impermissible. *See Citizens for Responsibility & Ethics in Washington v. Trump*, 939 F.3d 131, 154 (2d Cir. 2019) ("The *City of Miami* majority . . . reinforced *Lexmark*'s essential point that the zone of interests question is 'whether the statute grants the plaintiff the cause of action that he asserts.'" (quoting *City of Miami*, 137 S.Ct. at 1302)); *Pit River Tribe v. Bureau of Land Mgmt.*, 793 F.3d 1147, 1157 (9th Cir. 2015) ("Pit River's ability to challenge the subject leases cannot be

3

determined by looking to the broad objectives of the Geothermal Steam Act."). For another, the "prudential" considerations relied upon by *Stoops* derive from pre-*Lexmark* decisions that can no longer be considered good law. *See Lexmark*, 572 U.S. at 128 ("We do not ask whether in our judgment Congress *should* have authorized . . . suit, but whether Congress in fact did so."); *see also N.Y. State Citizens' Coal. for Children v. Poole*, 922 F.3d 69, 75 (2d Cir. 2019) ("In *Lexmark*, the Supreme Court cast doubt on the entire doctrine of prudential standing[.]"); *Cunningham v. Rapid Response Monitoring Servs., Inc.*, 251 F. Supp. 3d 1187, 1196 (M.D. Tenn. 2017) (rejecting *Stoops* and concluding that "the determinative issue, then, is not Cunningham's motivations, but whether he was injured. An ordinary consumer who pled the facts that Cunningham has pled would have established a concrete and particularized injury-in-fact based on the Defendants' intrusion upon his rights to privacy and seclusion."). Given what *Lexmark* actually holds—that "zone of interests" standing is a question of whether a cause of action exists—and its implication that the prudential limitations on standing are either no longer recognized or are quite narrow, there is little reason to believe that exploration of such issues would do anything to resolve the litigation here.

Greenlight also cites *Telephone Science Corp. v. Asset Recovery Solutions, LLC*, No. 15-CV-5182, 2016 WL 4179150 (N.D. Ill. Aug. 8, 2016), which also does not compel a different result. There, the court held that the plaintiff "failed to allege an interest with which the TCPA is concerned—privacy invasion, nuisance, public safety threat, and/or the shifting of costs based on unwelcome robocalls"—and concluded it lacked standing. 2016 WL 4179150 at *16. Again, such reasoning is inappropriate post-*Lexmark*, and the absence of such interests may not deprive a plaintiff of standing under the TCPA. *See Citizens for Responsibility*, 939 F.3d at 158 ("[T]he zone of interests test does not

4

require the plaintiff to be an intended beneficiary of the law in question. Plaintiffs who are injured by the defendant's alleged violation of a limiting law may sue to enforce the limitation . . . ."); *Bais Yaakov of Spring Valley v. Educ. Testing Serv.*, 367 F. Supp. 3d 93, 115 (S.D.N.Y. 2019) (rejecting *Telephone Science* and concluding that, despite defendant's characterization that "the TCPA was not intended to protect opportunistic serial plaintiffs[,]" "Plaintiff's filing of other TCPA lawsuits does not remove it from the zone of interests that the TCPA was intended to protect"). The Court, however, need not determine whether the consideration of such interests is appropriate because Greenlight has not made the basic argument necessary for a "zone of interests" challenge post-*Lexmark*—that the TCPA does not provide Plaintiffs with a cause of action. Greenlight's assertions—that Frey has filed a number of other TCPA class actions, used the same phone numbers in these lawsuits, and works for a phone systems company—are not tied to an argument about the cause of action. (*See* Mot. to Bifurcate Disc. at 1–2); *see, e.g.*, *Chabad Lubavitch of Litchfield Cty., Inc. v. Litchfield Historic Dist. Comm'n*, 768 F.3d 183, 201 (2d Cir. 2014) ("Rabbi Eisenbach's standing to pursue his [Religious Land Use and Institutionalized Persons Act ("RLUIPA")] claims turns on whether his allegations place him in the class of plaintiffs that RLUIPA protects—that is, whether he has stated a claim upon which relief can be granted."). By not arguing that Plaintiffs have failed to state a claim, Greenlight cannot make an argument that Plaintiffs lack "zone of interests" standing.

The last "zone of interests" case cited by Greenlight, *Cellco Partnership v. Wilcrest Health Care Mgmt. Inc.*, No. 09-CV-3534, 2012 WL 1638056 (D.N.J. May 8, 2012), besides being pre-*Lexmark*, is also no longer good law in its circuit. *See Leyse v. Bank of Am. Nat'l Ass'n*, 804 F.3d 316, 322 n.6, 323 (3d Cir. 2015) ("We, however, do

5

not agree that the caller's intent circumscribes standing[.]") (rejecting *Cellco*, 2012 WL 163805 at *7 (holding plaintiffs did not have statutory standing to pursue their TCPA claims because "[i]t strain[ed] credulity to countenance either" defendant "as the intended recipients" of plaintiffs' telemarketing calls at issue)).

None of the other cases cited by Greenlight are ones where "zone of interests" standing questions led to a bifurcated discovery. And such an approach would be inefficient. Because this "motivation" discovery would necessary involve depositions of Plaintiffs (as were necessary to the disposition in *Stoops*), Plaintiffs may have to be deposed multiple times, once during each discovery phase. Greenlight's witnesses would likely suffer the same fate. There is also no clear demarcation between the standing discovery and the merits discovery regarding the alleged phone calls that violate the TCPA. Exploring whether Plaintiffs have an improper motive requires discovery regarding the telephone calls at issue, including under what circumstances they were received by Plaintiffs—that information may be as pertinent to a standing inquiry as it is to the ultimate merits. *Cf. True Health Chiropractic Inc v. McKesson Corp.*, No. 13-CV-02219, 2015 WL 273188, at *2 (N.D. Cal. Jan. 20, 2015) (denying motion to birfurcate TCPA action between class and merits discovery because "bifurcation could raise a slew of issues as to what discovery relates to the class, as opposed to the named plaintiffs, thereby causing additional litigation regarding the distinction between the two.").

One other consideration warrants denial of the motion. Dismissal for lack of standing is a without prejudice dismissal. *In re Whole Foods Mkt. Grp., Inc. Overcharging Litig.*, No. 15-CV-5838, 2019 WL 3219690, at *20 (S.D.N.Y. July 17, 2019) ("Because standing is a jurisdictional issue, the case law directs in such

6

circumstances that a court dismiss the case for lack of Article III standing rather than entering summary judgment for the defendant on the merits."). If discovery were bifurcated, Plaintiffs may be permitted to file an amended complaint to cure any identified defect and substitute other plaintiffs. *E.g., Mbody Minimally Invasive Surgery, P.C. v. United Healthcare Ins. Co.*, No. 14-CV-2495, 2016 WL 4382709, at *15 (S.D.N.Y. Aug. 16, 2016) ("Plaintiffs' status as assignees—whether it is said to go to Plaintiffs' 'statutory standing,' whether Plaintiffs are in ERISA's 'zone of interest,' or whether Plaintiffs can state a cause of action under ERISA—can be further clarified by additional allegations following initiation of suit."); *Cty. of Cook v. Wells Fargo & Co.*, 115 F. Supp. 3d 909, 921 (N.D. Ill. 2015) ("[T]he court's ruling rests solely on its conclusion that, on the complaint'[s] allegations, Cook County is not within the FHA's zone of interests. Because Cook County has brought only an FHA claim, the complaint is dismissed. Although the court doubts that Cook County could cure the zone-of-interests defect, the dismissal is without prejudice, and the county is granted leave to file an amended complaint by August 14, 2015."); *see also Charvat v. Plymouth Rock Energy, LLC*, No. 15-CV-4106, 2016 WL 207677, at *3 (E.D.N.Y. Jan. 12, 2016) (denying motion to bifurcate, noting that "even if the named Plaintiff's claim were defeated, there is no reason to think that this case would likely end. The Complaint identifies complaints by two other individuals involving [Defendant]. Both claim to have received more harassing calls than Plaintiff, and either one could replace Plaintiff as a class representative. Accordingly, there is no indication from the motion papers that Defendant's success as to Plaintiff's individual claim would necessarily result in a prompt, efficient resolution of this litigation."). On the other hand, if there were no bifurcation and full discovery were completed, it could be that Greenlight could

7

establish that no other potential plaintiffs existed, and granting leave to amend would be futile.

## CONCLUSION

For the reasons stated above, the motion to bifurcate discovery is denied.

SO ORDERED.

*/s/ Sanket J. Bulsara* November 5, 2019
SANKET J. BULSARA
United States Magistrate Judge

Brooklyn, New York

8